Green, J.
delivered the opinion of thq court.
In a fight between Andrew, the slave of Wright, and Jerry, the slave of Weatherly, Andrew stabbed Jerry, so that he shortly thereafter died. Weatherly brought the action agdinst Wright to recover the value of his slave, who had been thus killed by the slave of Wright.
The circuit court charged the jury, that a master was liable for a trespass which might be committed by his slave, whether the act be done when in the master’s service or not, and whether with or without the master’s knowledge. The jury found for the plaintiff the value of his slave, and the court proceeded to render judgment accordingly, from which judgment this appeal in error is prosecuted.
This court is of opinion that this action cannot be sustained. There are but two classes of cases known to the common law which have any analogy to this ease. Either we must look upon the slave as occupying the same relation to the master as the servant does in Eng *379 land; or we must regard him in tbe light of property only, and hold the master liable, as he would be for mischief which might be committed by a vicious domestic animal. These are the only analogies the common law furnishes us, and by the application of neither of these can this action be supported. To consider the slave as property only, the owner would only be liable in case he were acquainted with the vicious propensities and habits of his slave, and with such knowledge, should permit him to run at large. That is not the case here. But it is manifest that this case has very little analogy tq the case of mischief done by a slave. Although he is, by our law, property, yet he is an intelligent, moral agent, capable of being a subject of government, and like all other men, liable to answer for his own wrongs to the injured party, but for the fact that all his personal rights as a citizen, and his liabilities as such, are destroyed and merged in the ownership of the master, who controls his person, owns his property, and is entitled to the fruits of his labor.
If we consider him in the light of a servant only, the master would not be liable for the injury charged in this declaration; for in England, although a master is liable to answer for any damages arising to another from the negligence or unskilfulness of his servant acting in his employ, yet he is not liable in trespass for the wilful act of his servant, done without the direction or assent of the master. 1 East, 106. But here too it is manifest there is scarcely any analogy in the two cases. In England the servant is a free man; he is a subject of the government; he has legal rights and liabilities, and the| master is only liable, in any case, because the servant in his employ, and injuries resulting from his unskilfulness or negligence, while thus employed, are in some degree the consequence of the master’s act in employing one so unskilful or negligent. But a wilful trespass committed by the servant, without the direction or assent of the master, does *380 not fall within the above reason, and therefore,, the servant is made to answer himself for the wrong.
This case, therefore, presents to us a question entirely new, and one to which no principle of the common law is applicable. Tut it is manifest that some remedy, in a case like the present, is loudly called for, by which to protect the people from injuries which this unfortunate, degraded and vicious class of our population may inflict. The court, however, cannot afford such remedy. Its. business is to expound the law as it exists, and apply established principles to cases as they may arise. The legislature alone can properly act upon the subject, and the interests of the country demand that some just rule in reference to it should be established. While the laws give the master the entire property of the slave, it is but just, that he should answer (at least to some extent) for the injuries his slave may do to others. Such a provision would be fair and equal among the slaveholders themselves; and in relation to a large majority of the people of the State who do not own slaves, it is imperiously required. By the civil law, (Cooper’s Justinian, 354,).the master was liable for injuries committed by the slave to an extent equal to his value. This far, at least, protection to the community demands that a remedy be afforded here.
Strongly as we are convinced that in a case like the present, the injured party ought, in justice, to be entitled to damages; yet, we think the court would be going beyond the pale of its authority to sustain this action.
Judgment reversed.